**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, Solely as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                         Chapter 7

J.P.R. MECHANICAL INC.                                          Case No. 19-23480-RDD
d/b/a JPR MECHANICAL, et al.,                              (Jointly Administered)

                            Debtors.
------------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity as      Adv. Pro. No.: 21- _____ (RDD)
Chapter 7 Trustee of the Estate of J.P.R. Mechanical
Inc. d/b/a JPR Mechanical,

                    Plaintiff,

-against-

JANSONS ASSOCIATES, INC.,

                    Defendant.
------------------------------------------------------------------x

## COMPLAINT

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Estate of J.P.R. Mechanical Inc. d/b/a JPR Mechanical ("Debtor"), by and through her undersigned counsel, as and for her complaint against defendant Jansons Associates, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1.     This adversary proceeding is brought to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtor's

1

bankruptcy case pursuant to, <u>inter alia</u>, sections 547 and 550 of Title 11 of the United States Code ("<u>Bankruptcy Code</u>"). Plaintiff alternatively seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, any transfers by the Debtor that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code. Plaintiff also seeks to disallow any claims by Defendant and/or its assignee (if any) against the Debtor's estate pursuant to section 502(d) of the Bankruptcy Code.

2.    Since this adversary proceeding arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Southern District of New York ("<u>Court</u>") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>").

3.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157 (b)(1), 157(b)(2) (A), (B), (E), (F) and (O).

4.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory and legal predicates for the relief sought herein include sections 323, 502, 547, 548, 550 and 551 of the Bankruptcy Code and Bankruptcy Rules 3007, 6009 and 7001.

6.    Plaintiff consents to the entry of final Orders and judgments by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final Orders or judgments consistent with Article III of the United States Constitution.

## **PARTIES**

7.    The Defendant is a company that, upon information and belief, was formed under the laws of the state of New York and has a principal place of business at 130 Mozart Street, East Rutherford, New Jersey 07073.

8. Upon information and belief, at all relevant times, Defendant was transacting business in the state of New York.

9. Upon information and belief, the Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to the Debtor.

10. Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

11. Plaintiff is authorized to assert the claims herein under section 323 of the Bankruptcy Code and Bankruptcy Rules Rule 6009.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

12. On August 16, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

13. Prior to the Petition Date, the Debtor was in the construction business providing heating, air conditioning and other plumbing services.

14. Prior to the Petition Date, the Debtor was a subcontractor in connection with commercial construction projects in New York City and the surrounding areas.

15. At all relevant times, Tim Schmidt ("Schmidt") was the president of the Debtor.

16. Marianne T. O'Toole was appointed as Chapter 7 Trustee of the Debtor's estate.

17. Marianne T. O'Toole is the permanent Chapter 7 Trustee of the Debtor's estate.

18. Pursuant to an Order of the Court, the Debtor's Chapter 7 case is being jointly administered for procedurally purposes only with the Chapter 7 cases of J.P.R. Mechanical Services, Inc. and J&G Group Inc.

19. On October 10 2019, Schmidt appeared and testified on behalf of the Debtor at an adjourned meeting of creditors ("341 Meeting").

20. During the 341 Meeting, Debtor, by counsel, admitted that the approximately $7.2 million of cash and cash equivalents reflected in the Debtor's Schedule A/B was incorrect in that the stated cash and cash equivalents were overstated. Moreover, the cash and cash equivalents as reported on the Debtor's Schedule A/B are substantially more than reflected in the bank statements for the Debtor's accounts.

21. On its Schedules D and E/F, the Debtor scheduled pre-petition liabilities totaling $22,962,474.68.

22. The deadline to file proofs of claim against the Debtor's estate was January 27, 2020.

23. As of the date of this Complaint, 229 proofs of claim totaling in excess of $335,000,000.00 (exclusive of any unliquidated amounts) were filed against the Debtor's estate.

24. The Defendant was scheduled by the Debtor as a creditor of its estate.

25. During the ninety (90) days before and including the Petition Date ("Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, wire transfers, ACH transfers or otherwise to various entities.

26. The Debtor's books and records reflect that, during the Preference Period, the Debtor made transfers of an interest of the Debtor's property to the Defendant during the Preference Period through payments aggregating not less than $102,092.60 (collectively, "Transfers") as follows:

| Payee Name | Date | Debtor Account | Description/ Check No. | Amount |
|---|---|---|---|---|
| JANSONS ASSOCIATES INC | 05/24/19 | X-6727 | CHECK-7825 | $23,592.60 |
| JANSONS ASSOCIATES INC | 06/05/19 | X-6727 | CHECK-7897 | $20,000.00 |
| JANSONS ASSOCIATES INC | 07/30/19 | X-8779 | CHECK-8265 | $29,250.00 |
| JANSONS ASSOCIATES INC | 08/06/19 | X-8779 | CHECK-8292 | $29,250.00 |
| **TOTAL** | | | | **$102,092.60** |

27. Each of the Transfers was made from the Debtor's bank account ending X-6727 at Signature Bank or from the Debtor's bank account ending X-8779 at Dime Bank.

28. At all relevant times, the Debtor had legal title to account ending X-6727 at Signature Bank and account ending X-8779 at Dime Bank from which the Transfers were made.

29. At all relevant times, the Debtor controlled account ending X-6727 at Signature Bank and account ending X-8779 at Dime Bank.

30. At all relevant times, account ending X-6727 at Signature Bank and account ending X-8779 at Dime Bank were designated as operating accounts of the Debtor.

31. At all relevant times, the Debtor did not maintain separate bank accounts for its projects.

32. Plaintiff is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to the Defendant during the Preference Period.

33. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of an interest of the Debtor's property made by the Debtor to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all avoidable transfers made by the Debtor to or for the benefit of the Defendant during the Preference Period. Plaintiff reserves all rights to amend this Complaint to include: (a) further information regarding the Transfers; and (b) additional transfers that may become known to Plaintiff at any time during this adversary proceeding and for such amendments to relate back to this Complaint.

## FIRST CLAIM FOR RELIEF
**(Avoidance and Recovery of Preferential Transfers– 11 U.S.C. §§547 & 550)**

34. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "33" as if fully set forth herein.

5

35. Plaintiff brings this First Claim for Relief following reasonable due diligence in the circumstances of this case including, but not limited to, review and analysis of the Debtor's books and records and schedules, proofs of claim filed in the Debtor's case and then contacting the Defendant.

36. Each of the Transfers was made by the Debtor to the Defendant within the Preference Period, i.e., within ninety (90) days of the Petition Date.

37. Each of the Transfers was made to the Defendant while the Debtor was insolvent.

38. The Debtor is presumed to have been insolvent when each of the Transfers was made.

39. Each of the Transfers was made by the Debtor to or for the benefit of the Defendant within the meaning of section 547(b)(1) of the Bankruptcy Code because each of the Transfers either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

40. Upon information and belief, each of the Transfers was made on account of an antecedent debt owed by the Debtor to the Defendant.

41. Defendant was a creditor of the Debtor at the time each of the Transfers was made by virtue of supplying goods and/or services to the Debtor for which the Debtor was obligated to pay.

42. As a result of each of the Transfers, the Defendant received more than it would have otherwise received if: (a) the Transfers had not been made; and (b) Defendant received payment of the debts underlying the Transfers under the provisions of the Bankruptcy Code.

43. As evidenced by the record in the Debtor's case and the proofs of claim that have been filed to date, the Debtor's liabilities exceed its assets such that the Debtor's unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

44. In accordance with the foregoing, each of the Transfers is avoidable pursuant to section 547(b) of the Bankruptcy Code.

45. Pursuant section 550(a) of the bankruptcy Code, the recovery of property for the benefit of Debtor's estate is authorized to the extent avoided under section 547 of the Bankruptcy Code.

46. Based on the foregoing, pursuant to sections 547, 550 and 551 of the Bankruptcy Code, Plaintiff is entitled to entry of an order and judgment against Defendant: (a) avoiding and setting aside the Transfers; and (b) recovering from Defendant an amount equal to the Transfers, plus interest at the maximum legal rate and costs.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Fraudulent Transfers – 11 U.S.C. §§548 & 550)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "33" as if fully set forth herein.

48. To the extent one or more of the Transfers was not made on account of an antecedent debt, Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for such Transfers (hereinafter, "Potentially Fraudulent Transfers").

49. The Debtor was insolvent as of the date of each of the Potentially Fraudulent Transfers, or became insolvent as a result of such Potentially Fraudulent Transfers.

50. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor or for whose benefit each of the Potentially Fraudulent Transfers was made was an unreasonably small capital.

51. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

7

52.     Based on the foregoing, pursuant to sections 548(a)(1)(B), 550 and 551 of the Bankruptcy Code, Plaintiff is entitled to entry of an order and judgment against Defendant: (a) avoiding and setting aside the Transfers; and (b) recovering from Defendant an amount equal to the Transfers, plus interest at the maximum legal rate and costs.

### THIRD CLAIM FOR RELIEF
**(Disallowance of Claims -11 U.S.C. § 502(d))**

53.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "52" as if set forth fully herein.

54.     Defendant is the transferee of transfers avoidable pursuant to section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

55.     In the alternative, Defendant is the transferee of transfers avoidable pursuant to section 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

56.     Defendant has not paid the value of the Transfers or turned over such property for which it is liable under section 550 of the Bankruptcy Code.

57.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor and/or any and all claims assigned by Defendant, must be disallowed until such time as Defendant pays Plaintiff the amount equal to the Transfers, plus interest thereon and costs.

**WHEREFORE**, Plaintiff demands relief against the Defendant as follows:

i.   on Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendant avoiding the Transfers by the Debtor to Defendant and directing Defendant to return to Plaintiff an amount equal to the Transfers pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest at the maximum legal rate and costs;

ii.  on Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Defendant avoiding the Potentially Fraudulent Transfers by the Debtor to Defendant and directing Defendant to return to Plaintiff an amount equal to the

        Potentially Fraudulent Transfers pursuant to sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code, plus interest at the maximum legal rate and costs;

iii. on Plaintiff's Third Claim for Relief, disallowing any claims filed or otherwise held by Defendant and/or its assignee against the Debtor until Defendant returns to Plaintiff an amount equal to the Transfers, plus interest thereon and costs, pursuant to section 502(d) of the Bankruptcy Code; and

iv. such other and further relief as the Court deems just and proper.

Dated: August 9, 2021
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff Marianne T. O'Toole, Solely as Chapter 7 Trustee

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

9